UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| JONATHON ROSS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MISSOURI DEPARTMENT OF )<br>CORRECTIONS, et al., )<br>)<br>Defendants. ) | No. 2:17-cv-34-RLW |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of the amended complaint filed by Missouri inmate Jonathon Ross. Plaintiff originally filed this action in the United States District Court for the Western District of Missouri. Plaintiff was provisionally granted in forma pauperis status, and the case was transferred here on the basis of venue. Having reviewed plaintiff's motion to proceed in forma pauperis and the financial information submitted in support, the Court has determined to allow plaintiff to continue proceeding in forma pauperis, and will assess an initial partial filing fee of $7.21. In addition, the Court will dismiss all but plaintiff's individual capacity claims against defendant Andrea Cravens, and will direct the Clerk of Court to issue process upon Andrea Cravens in her individual capacity.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-

month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

Plaintiff has submitted to the Court an inmate account statement showing that his average monthly balance is $36.07. The Court will therefore assess an initial partial filing fee of $7.21, twenty percent of his average monthly balance.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to, *inter alia*, draw upon judicial experience and common sense. *Id.* at 679.

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, this does not mean that *pro se* complaints may be merely conclusory. Even *pro se* complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623

2

F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a *pro se* complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993).

**The Amended complaint**

Plaintiff, an inmate at the Moberly Correctional Center, brings this action pursuant to 42 U.S.C. § 1983. Named as defendants are the Missouri Department of Corrections, Corizon Medical Services, Andrea Cravens, Bonnie Boley, Trinidad Aguilera, T. Bredeman, and Dean Minor. Plaintiff sues all defendants in their official and individual capacities.

According to the complaint, plaintiff broke his left ankle while playing handball on October 19, 2016. He could not stand on his own, and was taken via "motor cade" to the on-site medical facility. He was evaluated by Cravens, a nurse. Plaintiff told Cravens that he believed his ankle was broken because he heard it snap and saw it bend far beyond its normal range of motion. The ankle was also severely swollen. The officers who had been in the yard verified plaintiff's account of the injury. Cravens determined that plaintiff had a sprained ankle. Plaintiff protested and tried to explain again the foregoing circumstances, but Cravens did not take plaintiff seriously, and said he was "magnifying this injury." Plaintiff "tried desperately to convince her," but Cravens sent plaintiff away with only Ibuprofen, an ice bag, and a pair of broken crutches. The pain and swelling worsened, and six days later, plaintiff again sought medical treatment. He underwent an x-ray that revealed his ankle was broken in three places. Plaintiff alleges that his ankle never healed properly due to the constitutionally inadequate care

3

he received, and he suffers pain and limited range of motion. He seeks monetary damages, and asks that Cravens be terminated.

## Discussion

Plaintiff's claims against the Missouri Department of Corrections are legally frivolous and will be dismissed. "[N]either a State nor its officials acting in their official capacity are 'persons' subject to suit under § 1983." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989).

Plaintiff's claims against Boley, Aguilera, Bredeman, and Minor fail to state a claim upon which relief can be granted, and will be dismissed. While plaintiff names Boley, Aguilera, Bredeman, and Minor as defendants, he fails to allege that any of them engaged in any specific act or conduct that violated his constitutional rights. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). Claims sounding in respondeat superior are not cognizable under § 1983, *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995), and it is insufficient to simply list a defendant's name in the caption of a complaint without alleging that he or she was directly responsible for the alleged harm. *See Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints"); *see also Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003) (affirming dismissal of *pro se* complaint against defendants who were merely listed as defendants in the caption and there were no allegations of constitutional harm against them).

Plaintiff's allegations against Corizon, and his allegations against Cravens in her official capacity, fail to state a claim upon which relief can be granted, and will be dismissed. While plaintiff refers in general terms to unspecified policies, customs, and contracts, he sets forth no non-conclusory allegations that a policy or custom of Corizon was responsible for the alleged harm. He therefore fails to state a claim upon which relief can be granted as to Corizon, and as to Cravens in her official capacity. *See Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 690-91 (1978).

Plaintiff's individual capacity claims against Cravens survive initial review, and the Clerk of Court will be directed to effect service upon Cravens in her individual capacity.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff must pay an initial filing fee of $7.21 within twenty-one (21) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue upon the amended complaint, pursuant to the service agreement the Court maintains with Corizon, LLC, as to defendant Andrea Cravens in her individual capacity.

**IT IS FURTHER ORDERED** that, in her individual capacity, defendant Andrea Cravens shall reply to the amended complaint within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the official capacity claims against defendant Andrea Cravens are **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that all of plaintiff's claims against the Missouri Department of Corrections, Corizon, Bonnie Boley, Trinidad Aguilera, T. Bredeman, and Dean Minor are **DISMISSED** without prejudice.

**IT IS HEREBY CERTIFIED** that an appeal from this partial dismissal would not be taken in good faith.

An Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this 4th day of October, 2017.

                                            RONNIE L. WHITE
                                            UNITED STATES DISTRICT JUDGE